IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-00069-RN

**Shaohua Huang & Biying Huang**,

               Plaintiffs,

v.

**State Farm Fire and Casualty Company**,

               Defendant.

**Memorandum & Order**

      Defendant State Farm Fire and Casualty Company has asked the court to dismiss to the negligence and breach of the covenant of good faith and fair dealing claim brought by Plaintiffs Shaohua and Biying Huang on the ground that they have failed to state a claim for which relief may be granted. After reviewing the Complaint and the arguments made by the parties, the court has determined that the Complaint does not contain the necessary factual allegations to maintain these claims. Therefore, the Court[1] will grant State Farm's Motion and dismiss the Huang's negligence and bad faith claims.

**I. Factual Background**

      On July 6, 2012, a severe thunderstorm with high winds, large hail, and heavy rains damaged the Huang's home in Apex, North Carolina. (D.E. 1; Compl. at ¶ 8.) After the storm subsided, the Huangs filed claim under their State Farm homeowner's insurance policy for the costs of repairing the storm damage. (*Id.* at ¶ 9.)

---

[1] The parties have consented in writing to have a United States Magistrate Judge conduct all proceedings in this matter, up to and including the entry of judgment. 28 U.S.C. § 636(c)(1).

After receiving the Huang's claim, State Farm assigned an adjuster to evaluate the damage the storm inflicted on the house. (*Id.* at ¶ 11.) Although the Complaint does not indicate the amount State Farm offered to repair the Huang's home, it was substantially less than the $36,000 estimated by the independent adjuster hired by the Huangs. (*See id.* at ¶ *18.*) The Huangs contended that the inspection conducted by State Farm's adjustor was inadequate and conducted "using non-industry standard inspection methods to justify denial of the Claim." (*Id.* at ¶ 13-14.)

On January 6, 2014, the Huangs filed a Complaint in North Carolina Superior Court asserting five causes of action: 1) breach of contract; 2) unfair and deceptive trade practices; 3) bad faith; 4) negligent misrepresentation; and 5) negligence. (*Id.* at 8-12.) These claims are based upon the Huang's assertion that State Farm's estimate "did not allow adequate funds to cover the complete repairs required to restore [the Huangs' home] to its condition prior to the Storm Damage." (*Id.* at ¶ 14.) The Complaint further alleged that the inspection "failed to acknowledge, discover, recognize and/or include a majority of the Storm Damage, to propose a viable repair strategy, to evaluate the Storm Damage by a measurable/mutually agreed upon standard and/or to offer adequate coverage" under the Huangs' policy. (*Id.* at ¶ 13.)

State Farm removed this action to federal court and, after filing an Answer (D.E. 4), filed a motion seeking to dismiss two of the Huang's claims.

## II. Standard of Review

State Farm's Motion to Dismiss argues that the Huang's claims of negligence and bad faith should be dismissed because they failed to state a claim upon which relief may be granted. A motion under Rule 12(b)(6) must technically be filed before the close of pleadings. *See Fed. R. Civ. P. 12(b).* Federal courts will often, however, construe untimely Rule 12(b) motions as

Rule 12(c) motions for judgment on the pleadings. *See Fed. R. Civ. P. 12(h)(2)*; *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). The distinction makes no practical difference to the parties because the court reviews Rule 12(c) motions according to the same standard applied to motions under Rule 12(b)(6). *Burbach*, 278 F.3d at 405.

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claim.

### III. Analysis

#### A. Insurance bad faith claim

First, State Farm asks the court to dismiss the Huangs' bad faith claim. "To prevail on a claim of bad faith in the insurance context, a complainant must establish that there was: 1) a refusal to pay after recognition of a valid claim; 2) 'bad faith'; and 3) 'aggravating or outrageous conduct.'" *Blis Day Spa, LLC v. Hartford Ins. Grp.*, 427 F. Supp. 2d 621, 631 (W.D.N.C. 2006) (citing *Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd.,* 11 Fed. App'x 225, 237 (4th Cir. May 25, 2001).

An insurer acts in "bad faith" if it rejects an insured's claim for reasons other than a legitimate, honest disagreement. *See Dailey v. Integon Gen. Ins. Corp.,* 75 N.C. App. 387, 331 S.E.2d 148, 155 (N.C. App.1985). "Aggravated conduct" includes "fraud, malice, gross negligence, insult . . . [or other conduct which] evinces a reckless and wanton disregard of the plaintiff's rights." *Id.* at 154. In many cases, conduct violating North Carolina General Statute Section 58–63–15(11), which identifies unfair claim settlement practices, will constitute a factor contributing to both bad faith and aggravated conduct. *See Kielbania v. Indian Harbor Ins. Co.*, 2012 WL 3957926, at *12 (M.D.N.C. Sept. 10, 2012), *report and recommendation adopted*, 2012 WL 6554081 (M.D.N.C. Dec. 14, 2012) (identifying a low settlement offer in violation of N.C.G.S. § 58-63-15(11)(h) as an example of aggravating conduct); *Smith v. Nationwide Mut. Fire Ins. Co.,* 96 N.C. App. 215, 218, 385 S.E.2d 152, 154 (1989) (identifying "the substantial disparity between both of plaintiff's estimates and the estimate relied upon by defendant" among the examples of aggravating conduct).

State Farm argues that the Huangs failed to allege facts that allow the court to reasonably infer that the insurer engaged in conduct satisfying any of the three elements of a bad faith claim.

First, State Farm argues that this dispute arises merely because it did not recognize the Huangs' total claim as valid. (D.E. 16; *Def. Mem. in Supp.* at 3.) The insurer argues that it recognized part of the Huangs' claim and offered to pay accordingly. (*Id.*) It also rejected a portion of the Huangs' claim and declined to pay that portion. (*See id.*) The insurer argues that it did not, therefore, recognize the Huangs' total claim as valid and refuse to pay it.

Second, State Farm argues that the Huangs fail to allege facts that suggest the insurer's actions were not based on an "honest disagreement over the validity of some of the claim." (*Id.*) The insurer's third argument is to the same effect: the Huangs fail to allege facts showing bad faith or other aggravating conduct sufficient to distinguish this dispute from a "disagreement between parties over the validity of the claim." (*Id.* at 4.)

The Huangs' Complaint states that State Farm assigned their claim an identification number, arranged an adjuster to investigate and evaluate their storm damage, and that the adjuster conducted an inspection of the property and produced an estimate and report. (*See Compl.* at ¶¶ 10-13; D.E. 1.) It alleges that the inspection report recognized some of the damage, but did not "include a majority of the [s]torm [d]amage" to the Huangs' home. (*See id.* at 13.) The Complaint states that State Farm refused to pay the Huangs' insurance claim "in full," but provides no factual information about the basis of the disagreement between the parties. (*See id.* at ¶ 15.) It asserts that the Huangs' insurance claim "remains fully unpaid," but does not allege whether State Farm withheld payment entirely or only paid the Huangs what the insurer believed it owed under its estimate of the damages. (*See id.* at ¶ 20.) The Complaint also states that the Huangs obtained an independent estimate and report on the storm damage that pinned the cost of repair in excess of $36,000, but does not suggest how that amount relates to the sum State Farm offered or paid. (*See id.* at ¶ 18.)

None of the facts alleged in the Complaint render it plausible to infer that State Farm recognized the Huangs' claim as valid but refused to pay them. State Farm did clearly recognize that the Huangs had a valid claim regarding some damage to their home, but the insurer apparently did not believe that the total amount that the Huangs sought to recover was justified based on the State Farm adjuster's estimate.

The defect in the Huangs' Complaint is akin to the problem confronting the plaintiff in *Blis Day Spa*. There, the plaintiff and its insurance company disagreed about whether certain portions of the plaintiff's claim were compensable under its policy. *Blis Day Spa*, 427 F. Supp. 2d at 632. In that case, the court determined that an insurer's refusal to pay for a disputed portion of an insured's claim did not satisfy the first element of a bad faith insurance claim, especially when the insurer rendered payment for the undisputed portions. *Id.*

Here, the Huangs do not allege that they made a claim for the undisputed portions of their total insurance claim and were refused. They merely assert that State Farm had no reasonable basis to deny them "full payment." They provide no facts to distinguish this dispute from a good faith disagreement over the scope of compensable damage.

State Farm also argues that the Huangs do not allege any facts to support the second and third elements of their "bad faith" claim: bad faith and aggravating conduct, respectively. (D.E. 16; *Def. Mem. in Supp.* at 3–4.) The element of "bad faith" requires a factual allegation supporting the idea that State Farm's rejection of portions of the Huangs' claim was dishonest. *See Dailey* at 155. The aggravating conduct element requires a factual allegation that shows the Huangs were treated in a manner contrary to their rights. *Id.* The Complaint attempts to support these elements by asserting that State Farm (1) "failed to consider adequate information" provided by the Huangs that would suggest a different evaluation of the damage to their house,

(2) failed to respond to the claim in a reasonable amount of time, (3) failed to offer an adequate explanation for its decision, and (4) had no reasonable basis upon which to deny full payment of the Huangs' total claim. (D.E. 1; *Compl*. at ¶¶ 23-25, 29.)

All of these allegations suggest conduct that would allow a bad faith claim to move forward. *See Kielbania*, 2012 WL 3957926, at *12. The Huangs' Complaint, however, provides no factual support for them. For this reason, these allegations do not rise above the level of inadequate conclusory statements. *See Iqbal,* 556 U.S. at 678.

Under the pleading standard applicable to complaints subject to a Rule 12(b)(6) motion, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In its current form, the Huangs' bad faith claim warrants dismissal for want of "sufficient factual matter" to render it plausible. *See id.*

For the foregoing reasons, the Court GRANTS State Farm's Motion to Dismiss the Huangs' bad faith claim.

**B. Negligence claim**

State Farm seeks dismissal of the Huang's negligence claim because the insurer's duties arose under contract, and thus are properly subject to a breach of contract action only. (D.E. 16; *Def. Mem. in Supp.* at 3–4.) North Carolina law recognizes "the fundamental difference between tort and contract claims, and in order to keep open-ended tort damages from distorting contractual relations, [it] has recognized an 'independent tort' arising out of breach of contract only in 'carefully circumscribed' circumstances." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 346 (4th Cir. 1998) (citation omitted). "Tort-like claims will be sustained in contract-centered litigation only where the tort claims 'are identifiable and distinct from the

primary breach of contract claim, as North Carolina law requires.'" *Food Lion, LLC v. Schuster Mktg. Corp.*, 382 F. Supp. 2d 793, 800 (E.D.N.C. 2005) (citing *Broussard,* 155 F.3d at 346).

The Huangs' Complaint does not attempt to distinguish between conduct constituting breach of contract and tortious conduct. Furthermore, the Huangs' Memorandum in Opposition of Defendant's Motion to Dismiss does not challenge State Farm's argument that their negligence claim is indistinguishable from their breach of contract claim. Accordingly, the Court grants State Farm's Motion to Dismiss the Huangs' negligence claim.

**IV. Conclusion**

For the foregoing reasons, State Farm's Motion to Dismiss is granted.

Dated: March 27, 2015

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE