IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-00069-RN

**Shaohua Huang &**
**Biying Huang**,

                 Plaintiffs,

v.

**State Farm Fire and Casualty**
**Company**,

                 Defendant.

**Memorandum & Order**

On January 6, 2014, Plaintiffs Shaohua and Biying Huang ("the Huangs") filed a Complaint against State Farm Fire and Casualty Company in North Carolina Superior Court. (D.E. 1.) The Huangs' Complaint asserted five causes of action: 1) breach of contract; 2) unfair and deceptive trade practices; 3) bad faith; 4) negligent misrepresentation; and 5) negligence. (*Id.*; Compl. at 8-12.) On May 21, 2014, after removing the case to federal court, State Farm filed a motion seeking to dismiss the Huangs' claims for breach of the covenant of good faith and fair dealing ("bad faith") and negligence. (D.E. 15.) The court granted State Farm's motion on March 27, 2015.[1] (D.E. 24.)

After the close of the discovery period, State Farm moved for summary judgment on two of the Huangs' three remaining claims: (1) the claim for unfair and deceptive trade practices, and (2) the claim for negligent misrepresentation.[2] (D.E. 20.) The Huangs did not file a response to State Farm's Motion. As explained below, the court will grant State Farm's Motion

---

[1] The parties have consented in writing to have a United States Magistrate Judge conduct all proceedings in this matter, up to and including the entry of judgment. 28 U.S.C. § 636(c)(1).
[2] State Farm does not dispute that the Huangs' claim for breach of contract is properly subject to a jury trial. (D.E. 21 at 1.)

because there are no genuine issues of material fact and State Farm is entitled to a judgment as a matter of law on the two claims at issue.

**I.  Factual Background**[3]

On July 6, 2012, the Huangs' home was pelted with hail produced by a passing thunderstorm.  (D.E. 22-1 at 1.)  Several months after the storm, the Huangs contacted Alliance Construction & Restoration to inspect their roof for storm-related damage.  (*See* D.E. 22-3 at 2.)  Based upon the findings of an inspection conducted by Josh Cohen, an Alliance employee, the Huangs filed a claim under their State Farm homeowner's policy seeking the replacement of their entire shingle roof.  (D.E. 22-1 at ¶¶ 4-5.)  A State Farm claim representative subsequently examined the home's exterior for damage and retained AAA Roofing Technologies to inspect the roof.  (*Id.* at ¶ 7.)

On June 11, 2013, Jesse Bansemer, a AAA employee, inspected the Huangs' roof while accompanied by Cohen.  (D.E. 22-4 at ¶ 11.)  Bansemer marked off areas on the roof damaged by hail (the marked off areas are known as test squares) and tested the shingles to see if the matting was fractured.  (D.E. 22-3 at 4.)  Bansemer did not find any hail damage to the Huangs' asphalt shingles, but did observe a small number of dents to the metal roof.  (D.E. 22-4 at ¶ 12-13.)  He asked Cohen to identify any wind or hail damage that he observed, but Cohen did not do so.  (*Id.* at ¶ 13.)  At the conclusion of the inspection, Cohen did not dispute Bansemer's finding that there was no evidence of wind or hail damage to the shingles on the Huangs' roof.  (*Id.*)

Based on AAA's report, State Farm prepared an estimate for the cost of removing and replacing the Huang's metal roof and vents, but not their entire asphalt shingle roof.  (D.E. 22-1

---

[3] The Huangs did not submit a response to State Farm's Motion for Summary Judgment.  The court therefore considers the facts established by the motion as uncontroverted.  *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

at ¶¶ 10-11.) State Farm called Mrs. Huang to discuss the estimate and sent the Huangs a copy of AAA's report, the State Farm estimate, and payment of $561.24 to cover damage to the metal roof. (*Id.* at ¶¶ 12-13.)

In August 2013, State Farm received a letter of representation from Cory Garza, an employee of Worldwide Public Adjusters, indicating that the Huangs had retained him as their public adjuster. (*Id.* at 14.) Garza was hired to advocate for the Huangs in their negotiations with State Farm. (D.E. 22-5 at 3-4.) His letter included a new estimate prepared by Superior Estimating Services for damage to the Huangs' home, but did not include photographs or proof of loss. (*Id.*) State Farm reviewed all of the documents it had received on the Huangs' claim and determined that it had paid for all of the damage identified in the AAA report. (*Id.* at ¶¶ 15-16.) On September 23, 2013, State Farm sent a letter to Garza stating that its position was unchanged. (*Id.*) On January 6, 2014, the Huangs filed this suit.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a defendant is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). As the party seeking summary judgment, the defendant bears the initial responsibility of informing this court of the basis for its motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). This requires that the defendant identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Id.*

3

The defendant bears this initial responsibility, but the plaintiff, as the nonmoving party, must then produce "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex,* 477 U.S. at 317. To satisfy this burden, the plaintiff must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists. *Anderson,* 477 U.S. at 252. Rather, the plaintiff must produce evidence on which a jury could reasonably find in his or her favor. *See id.*

In considering the defendant's motion for summary judgment, this court construes all facts and reasonable inferences in the light most favorable to the plaintiffs as the nonmoving party. *See Miltier v. Beorn,* 896 F.2d 848, 852 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

The Huangs have not responded or produced any evidence in opposition to State Farm's motion for summary judgment. Nevertheless, the court does not automatically grant an uncontested motion for summary judgment. *Campbell v. Hewitt, Coleman & Assocs., Inc.,* 21 F.3d 52, 55 (4th Cir. 1994) (stating that although "the non-moving party runs a great risk by not responding [to a motion for summary judgment], such positive action is not required in all instances because the court still may only grant summary judgment if appropriate"); *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993). Instead, the court must still determine whether the moving party is entitled to judgment as a matter of law. *Dogwood Forest Rest Home, Inc. v. United States*, 181 F. Supp. 2d 554, 558-59 (M.D.N.C. 2001) (citing *Custer,* 12 F.3d at 416). While a court must still analyze motions for summary judgment with no response, the moving party's facts are deemed uncontroverted. *Id.*

Because this court's jurisdiction is based on diversity, North Carolina law governs the Huangs' claims. Accordingly, the court must determine how the Supreme Court of North Carolina would resolve this matter. *LRP Hotels of Carolina, LLC v. Westfield Ins. Co.*, No. 4:13-CV-94-D, 2014 WL 5581049, at *2 (E.D.N.C. Oct. 31, 2014) (citing *Twin City Fire Ins. Co. v. Ben Arnold–Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005). If the Supreme Court of North Carolina has not spoken directly on the issue, then this court may consider opinions of the North Carolina Court of Appeals, treatises, and other materials to predict how that court would rule if presented with the particular issue. *See id.*

## III. Analysis

### A. Negligent Misrepresentation

State Farm contends that it is entitled to summary judgment on the Huangs' negligent misrepresentation claim because the Huangs failed to provide any evidence supporting their claim and the claim is barred by North Carolina's economic loss rule. To prove a negligent misrepresentation claim, the Huangs must show (1) in the course of a business or other transaction in which a party has a pecuniary interest, (2) defendant supplied false information (3) without exercising reasonable care in obtaining or communicating the information and (4) plaintiff reasonably relied on the information to its detriment. *See LRP Hotels*, 2014 WL 5581049, at *5 (citing opinions from the North Carolina Court of Appeals).

Here, the Huangs failed to produce evidence that State Farm misrepresented anything in their various communications. Mrs. Huang merely asserts that she thought State Farm's conclusion that there was no hail or wind damage to her shingle roof was false. (*See* D.E. 22-2 at 9.) Neither she, nor Mr. Huang, provide any factual support for that belief. (D.E. 22-7 at 3-4.) To the contrary, State Farm has put forward evidence that its representations were based on

5

AAA's inspection of the Huangs' roof. (D.E. 22-1 at ¶¶ 12-13.) Thus, the court grants summary judgment to State Farm on the Huangs' negligent misrepresentation claim.

Even if the Huangs produced evidence of State Farm's negligent misrepresentation, their claim would still fail. In North Carolina, the economic loss rule precludes a party from maintaining a tort action against another party to a contract if the other party merely failed to "properly perform the terms of the contract . . . [and] the injury resulting from the breach is damage to the subject matter of the contract." *See LRP Hotels*, 2014 WL 5581049, at *6 (quoting *Spillman v. Am. Homes of Mocksville, Inc.,* 108 N.C. App. 63, 65, 422 S.E.2d 740, 741–42 (1992)). Here, the Huangs make no effort to distinguish their negligent misrepresentation claim from their contract claim. Accordingly, State Farm is entitled to summary judgment as to the claim for negligent misrepresentation.

## B. Unfair and Deceptive Trade Practices

State Farm also asks the court to grant summary judgment on the Huangs' unfair and deceptive trade practices claim ("UDTP"). As this court noted in *LRP Hotels*, a plaintiff asserting a claim under North Carolina's Unfair and Deceptive Trade Practices Act, North Carolina General Statutes Sections 58-63-15 and 75–1.1 *et. seq.*, must show (1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby. *LRP Hotels*, 2014 WL 5581049, at *3 (citations and quotation marks omitted). The plaintiff must prove that defendants' conduct was "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* (citation omitted). In addition, North Carolina courts guard against allowing a plaintiff to manufacture a UDTP claim "out of facts that are properly alleged as breach of contract." *Birtha v. Stonemor, N. Carolina, LLC*, 220 N.C. App. 286, 298, 727 S.E.2d 1, 10 (2012) (quotation marks and citation omitted).

6

Case 5:14-cv-00069-RN   Document 25   Filed 04/07/15   Page 6 of 8

The Huangs' Complaint asserts violations falling generally under Section 58-63-15(11)(a-h) of the North Carolina General Statutes. (D.E. 1, Compl. at ¶ 41; D.E. 21 at 11.) Their Complaint is rife with conclusory statements that largely repeat the statutory language. (D.E. 1, Compl. at ¶ 41.) Neither the Complaint, nor the evidence accompanying State Farm's Motion for Partial Summary Judgment, provides factual support for the Huangs' contentions.

The Huangs assert, first, that State Farm misrepresented pertinent information. (*Id.*); *see* N.C. Gen. Stat. § 58-63-15(11)(a). As noted above, however, the Huangs present no evidence that State Farm misrepresented anything during their interactions. State Farm based its representations on AAA's inspection report and provided a copy of that report to the Huangs. (D.E. 22-1 at ¶ 11, 13.)

Second, the Huangs assert that State Farm did not respond promptly to their communications. (Compl. at ¶ 41.) The uncontested facts show that State Farm always responded promptly to the Huangs. (D.E. 22-1 at 1-3.) Mrs. Huang expressly denied having any problems with State Farm's timing or responsiveness. (D.E. 22-2 at 7.)

The Huangs' third claim is that State Farm refused to pay a rightful claim. (Compl. at ¶ 41.) This essentially repeats the Huangs' bad faith insurance claim, which this court previously dismissed for failure to state a claim upon which relief could be granted. (*See* D.E. 24 at 4-7.)

The Huangs' remaining claims under the umbrella of UDTP all focus on State Farm's failure to properly investigate, acknowledge, and pay for hail damage to the Huangs' roof. (Compl. at ¶ 41.) The uncontested facts show that State Farm (1) conducted a thorough inspection of the Huangs' roof in the presence of the Huangs' original inspector (D.E. 22-4 at ¶ 11); (2) marked off test squares and conducted other tests to identify damage (D.E. 22-3 at 4); (3) provided the Huangs' inspector an opportunity to identify hail damage that the AAA inspector

7

might have missed (D.E. 22-4 at ¶ 13); (4) promptly and accurately communicated the results to the Huangs (D.E. 22-1 at ¶¶ 12-13); and (5) paid the Huangs for the damage that State Farm determined was covered under the policy (D.E. 22-1 at ¶¶ 12-13). These facts are contrary to the Huangs' allegations entitle State Farm to a judgment as a matter of law on the Huangs' UDTP claim.

## IV. Conclusion

After reviewing State Farm's Motion, Memorandum of Law, and supporting exhibits, including depositions and affidavits, the court determines there are no genuine issues of material fact. Based upon the facts presented and the applicable law, State Farm is entitled to judgment as a matter of law on the Huangs' claims for negligent misrepresentation and unfair and deceptive trade practices. State Farm's Motion for Summary Judgment is granted and the Huangs' claims for negligent misrepresentation and unfair and deceptive trade practices are dismissed.

Dated: April 7, 2014

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE